﻿Citation Nr: AXXXXXXXX
Decision Date: 05/28/19 Archive Date: 05/28/19

DOCKET NO. 190313-4825
DATE: May 28, 2019

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

FINDING OF FACT

The most probative evidence weighs against a finding that the Veteran's bilateral hearing loss had onset during active service, manifested within one year of service discharge, or is otherwise related to active service.

CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1960 to February 1964. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran submitted a Notice of Disagreement in March 2019 and elected direct review by a Veterans Law Judge.

1. Duties to Notify and Assist

Neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board... to search the record and address procedural arguments when the veteran fails to raise them before the Board”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

2. Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303(a) (2019). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called “nexus” requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2019). 

In addition, service connection for certain chronic diseases, including other organic diseases of the nervous system like hearing loss, may be established on a presumptive basis by showing that the condition manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309(a) (2019); Fountain v. McDonald, 27 Vet. App. 258, 271-72 (2015). Although the disease need not be diagnosed within the presumptive period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a) (2019).

Additionally, for certain chronic diseases with potential onset during service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. §§ 3.303(b), 3.309; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The Veteran alleges that he has bilateral hearing loss that is related to noise exposure during his service. See November 2018 claim. 

The AOJ found that the Veteran has a current diagnosis of bilateral hearing loss and that he was exposed to excessive noise based on his military occupational specialty during his military service. The current disability and in-service elements are conceded. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). 

The question before the Board is whether a causal relationship or nexus exists between the Veteran’s bilateral hearing loss and his active service. 

The Board finds that the evidence of record does not support a finding that the Veteran’s bilateral hearing loss is related to active service. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). At a February 2019 VA examination, the examiner opined that the Veteran’s bilateral hearing loss was less likely as not caused by or a result of the Veteran’s military service. The examiner explained that a review of the STRs showed hearing sensitivity within normal limits at entrance and separation and that there was no clinically significant shift in hearing sensitivity at any tested frequency. The examiner found no evidence that the Veteran sustained noise injuries based on the audiograms. As such, there was no basis to conclude that the Veteran’s current hearing loss was causally related to military service. The examiner further noted that current findings from the Institute of Medicine report that hearing loss from noise injuries occurs immediately following exposure and that there was no scientific basis to conclude that permanent hearing loss directly attributable to noise exposure will develop long after such noise exposure. Therefore, opined the examiner, there was no scientific basis on which to conclude that the current bilateral hearing loss was caused by or the result of military service, to include military noise exposure. 

The Board accords the VA examination significant probative weight because it is thorough, it reflects the examiner’s review of the Veteran’s medical records, and it is supported by an adequate rationale, to include assessing the lack of threshold shifts. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008) (noting that the central issue in determining probative value of a medical opinion is whether the examiner was informed of the relevant facts); Prejean v. West, 13 Vet. App. 444, 448-9 (2000) (holding that factors for assessing the probative value of a medical opinion are the physician’s access to the claims file and the thoroughness and detail of the opinion); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (holding that a medical opinion must be supported by an analysis that the Board can consider and weigh against contrary opinions). The February 2019 VA examination supports a finding that the Veteran’s bilateral hearing loss is not etiologically related to his in-service excessive noise exposure. Accordingly, the Board finds that service connection is denied on a direct basis. 

To the extent the Veteran asserts his current bilateral hearing loss is related to his service, the Board finds his statements are not competent. Although it is error to categorically reject a lay person as competent to provide a nexus opinion, not all questions of nexus are subject to non-expert opinion. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). Whether a layperson is competent to provide a nexus opinion depends on the facts of the particular case. “Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional.” Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Lay witnesses are competent to report that which they have observed with their own senses. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). But here, the specific etiology of bilateral hearing loss, which is an internal process of the nervous system, is clearly distinguishable from ringing in the ears, a broken leg, or varicose veins. See Jandreau, 492 F.3d at 1377; Barr v. Nicholson, 21 Vet. App. 303, 310 (2007); Charles v. Principi, 16 Vet. App. 370, 374 (2002).

The Veteran does not assert that he had bilateral hearing loss during service, within the year following his separation from active duty, or that it began during service and existed since then. Further, the evidence does not demonstrate a diagnosis of bilateral hearing loss within a year of his separation from active duty. Therefore, presumptive service connection for a chronic disability is not warranted. 38 C.F.R. §§ 3.307, 3.309(a). 

In short, service connection is denied on direct and presumptive bases. In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Steve Ginski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.